BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JUN 19 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 206

IN RE AIR CRASH DISASTER NEAR PAPEETE, )
TAHITI, ON JULY 22, 1973                )

OPINION AND ORDER
_____

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

A Boeing 727 aircraft, being operated as Pan American Flight No. 816, crashed into the ocean shortly after takeoff from the airport at Papeete, Tahiti, on July 22, 1973. The plane was departing following an intermediate stop in its route from Auckland, New Zealand, to Los Angeles, California. Sixty-nine passengers and ten crew members died as a result of the crash. Neither the wreckage of the aircraft nor the remains of any of the decedents have yet been recovered.

Eighteen actions arising out of the crash have thus far been instituted in federal district courts: eight in the Northern District of California, eight in the Central District of California and two in the District of Rhode Island. The Panel, on its own initiative,[1] ordered the parties to show cause why

---

\* Although Judge Lord was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

[1] 28 U.S.C. §1407(c)(1); Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975).

these actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. All responding parties recognize the need for Section 1407 treatment,[2/] but disagree over the appropriate situs for the transferee court. We find that these actions involve common questions of fact and that their transfer under Section 1407 to the Central District of California will best serve the convenience of parties and witnesses and promote the just and efficient conduct of the litigation.

Defendants Boeing and Pan Am urge that the Panel transfer this litigation to the Western District of Washington, even though no actions are presently pending in that district. Their argument rests on the proposition that Boeing, which is headquartered in Washington, will become the "target" defendant as a result of treaty provisions insulating Pan Am from liability beyond a specified dollar limit per decedent. Thus, they contend,

---

[2/] At the hearing on this matter, counsel for the Rhode Island plaintiffs conceded that transfer under Section 1407 was indeed appropriate. He urged the Panel, however, to defer transfer of the Rhode Island actions until the court there rules on certain pretrial motions concerning claims against insurance companies under Rhode Island law. We see no reason for delaying transfer of these actions because the motions can be presented to and determined by the transferee court. See In re Plumbing Fixture Cases, 298 F. Supp. 484, 495-96 (J.P.M.L. 1968).

- 3 -

the bulk of the discovery taken of defendants will occur in the Western District of Washington and, therefore, that district would be the best choice for the transferee forum. Plaintiffs, on the other hand, are strongly opposed to the Washington location and, instead, are split between the Central and Northern Districts of California.

Regardless of the merits of defendants' assertions, [3/] we are extremely reluctant to select a district in which no related action is pending. Accordingly, either of the California forums suggested by plaintiffs would be more preferable.

Both the Central and Northern Districts of California could, in our view, be described as appropriate transferee districts for this litigation. An equal number of actions are pending in each of these districts and there appears to be little to distinguish the two. On balance, however, we are persuaded that the Central District of California is the better choice. Judge Robert Firth, to whom all the actions there are assigned,

---

3/ During oral argument, counsel for several plaintiffs indicated that they intend to challenge the constitutionality of the relevant treaty provisions. In addition, counsel indicated that they intend to pursue their claim of willful misconduct against Pan Am, which, if sustained, would negate the dollar limitations applicable to Pan Am. See Kennelly, Litigation and Trial of Air Crash Cases, Vol. 2, Ch. 7, p. 10 (1968 ed.).

- 4 -

has received arguments on a motion for class designation and, as a result, has had an opportunity to become acquainted with some of the issues involved in this litigation. Thus, he appears to be in the best position to supervise the pretrial proceedings in these actions toward their most just and expeditious conclusion.

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Robert Firth for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending in that district and listed on Schedule A.

SCHEDULE A                                              DOCKET NO. 206

### DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Barbara Levine, etc. v. Pan American World Airways, et al. | Civil Action No. 74-35 |
| Joan M. Geary, etc. v. Pan American World Airways, et al. | Civil Action No. 74-34 |

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marc Wickliffe, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-69-RF |
| Daryl Arnold, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-746-RF |
| Jacobus Cornelis Joannes Maria Priemus, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. 74-1135-RF |
| Jerome G. Zapp, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1448-RF |
| Margaret Metcalf, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-2057-RF |
| Rue Hubert, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-2072-RF |
| Daryl Arnold, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-2073-RF |
| Jerome G. Zapp, et al. v. Pan American World Airways, Inc. | Civil Action No. CV-74-1994-RF |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barbara R. Gefter, etc. v. The Boeing Co. | Civil Action No. C74-1486-GBH |
| Arthur H. Harris, et al. v. The Boeing Co. | Civil Action No. C74-1498-SW |
| Juergen Van Beekum, et al. v. The Boeing Co. | Civil Action No. C74-1516-OJC |

| | |
|---|---|
| SCHEDULE A | DOCKET NO. 206 |

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Laura Ann Lambert, etc. v. The Boeing Co., et al. | Civil Action No. C74-1519-AJZ |
| Francis J. Nelson, etc. v. Pan American World Airways, et al. | Civil Action No. C74-1523-AJZ |
| Eugene R.P. Leman, etc. v. The Boeing Co. | Civil Action No. C74-1524-ACW |
| Barbara R. Gefter, etc. v. The Boeing Co. | Civil Action No. C74-1360-SC |
| Barbara R. Gefter, etc. v. The Boeing Co. | Civil Action No. C74-1362-SAW |